# CHARLESTON.

## HOKE *v.* JONES.

Submitted January 14, 1890.—Decided February 1, 1890.

1. VENDOR AND VENDEE—CONDITION PRECEDENT.

In a suit upon a bond, executed as part of the purchase-money for a tract of land, brought by the vendor, which contains the following condition: "This payment is to be made on condition that the title be made good for the interest the heirs of W. L. hold in said land,"—a compliance with the condition must precede the collection of the amount of the bond from the vendee.

2. VENDOR AND VENDEE—SET-OFF—SUBSTITUTION.

Where a tract of land is conveyed to a vendee with covenants of general warranty, and said vendee executes his bonds to the vendor for the purchase-money, and said purchaser is compelled to pay off trust-liens which had been executed by the vendor thereon in order to obtain a clear title therefor, said vendee is entitled to substitution to the rights of the parties who held said liens, and in a suit by the vendor to recover said purchase-money may set off the amounts so paid against the claim of his vendor for purchase-money.

3. VENDOR AND VENDEE—MARRIED WOMEN.

A suit is brought upon a bond executed to a married woman as part of the purchase-money for a tract of land, which bond she claims was given to her to induce her to execute a deed for said land sold by her husband and herself in which she claims to have contingent right of dower, and that she is the owner of one eighth of one fifth of said tract, and holds an unrecorded deed for the same, and said married woman joins with her husband in a conveyance of said land, with covenants of general warranty to the obligor in said bond for said tract of land. Under the circumstances, she will be treated as a common vendor, and can not recover on said bond until the incumbrances on the title are removed.

*O. Johnson* for plaintiff in error.

*H. T. Houston* and *J. Osborne,* for defendant in error.

ENGLISH, JUDGE:

This was an action of debt in the Circuit Court of Monroe county, brought by Mary A. Hoke (formerly Mary A. Lively) upon a bond which reads as follows: "$834.00. Against the first day of May, 1877, I bind myself, my heirs, &c., to pay to Mary A. Lively the sum of eight hundred and thirty four dollars, the third payment on the land that William M. Lively now lives on. (This payment is to be made on condition that the title be made good for the interest the heirs of Wilson Lively hold in said land.) Given under my hand and seal, September 19th, 1874. JESSEE JONES. [Seal.]"— on which bond was indorsed the following credit: "Rec'd on the within, by two bonds to Nancy A. Parker, the sum of five hundred dollars. WILLIAM M. LIVELY. April 20th, 1875."

To this action the defendant, Jessee Jones, filed a special plea in writing, thereby averring that payment of said bond was not to be made until the title was made good for the interest of the heirs of Wilson Lively, which was thirty six acres, being a one fifth of the 180 acres purchased by the said defendant, for which the said bond was executed for part payment, conditioned as aforesaid; that the aforesaid conditions were never performed; that before he could secure a good title to any of the land purchased as aforesaid, he had to make the following payments to wit: To Nancy A. Parker, the sum of $540.00, which is credited on the said bond sued on as of April 20, 1875; sheriff of Monroe county, $12.35, tax-tickets on the same land, as of the year 1874; to Baldwin Ballard, $135.00 on the 4th day of December, 1874; to Baldwin Ballard, $105.00 on the 21st of November, 1874, $132.00 on the 28th day of November, 1874, and $87.55 on the 20th day of October, 1875; which said payments to said Baldwin Ballard were made by said defendant for the purpose of releasing a deed of trust held on said land by said Ballard, and executed by said plaintiff and her husband, W. M. Lively, on the 1st day of May, 1871, to secure to Jesse R. and H. W. Arnott, executors of Henry

Arnott, deceased, the payment of $84.50, with interest from May 1, 1871, and also to secure to said B. Ballard the payment of a note due on the 14th day of December, 1874, calling for $505.00. And so the defendant avers that the conditions of the said bond sued on have never in any way been complied with, and that, in order to secure the title to the said land for the payment of which (conditioned as aforesaid) the said bond was executed, he had, in the manner thereinbefore mentioned, paid and overpaid the said bond; to which plea the plaintiff replied generally, and issue was thereon joined.

The defendant also pleaded payment, and filed specifications of payments with his plea; and the plaintiff replied generally; and issue was thereon joined. The plaintiff also filed a replication in writing, averring that at the time of the execution of the bond sued upon she was the owner of a contingent dower-interest in the land for which the defendant, Jesse Jones, executed said bond, and also of an individual interest in said lands, and that at that time she had an unrecorded deed for all said real estate, all of which facts were known to the defendant Jones; and said bond was given to her in order to get her consent to the sale, and to procure her signature to the deed, *etc. ;* and the plaintiff rejoined generally.

At the March term of said court, 1887, said case was presented to a jury, who failed to agree, and at the October term, 1887, an account was directed to ascertain whether or not the plaintiff was entitled to recover anything against the defendant, and, if so, how much, and any other matter which either of the parties might require; and on the 6th day of June, 1888, neither party requiring a jury, by consent of parties all matters of law and fact were submitted to the court; and thereupon the court found for the plaintiff, and assessed her damages at the sum of $372.14; and thereupon the defendant moved the court to set aside its finding, and grant him a new trial, which motion the court overruled, and entered judgment against the defendant; to which ruling the defendant excepted, and applied for and obtained a writ of error to this court.

Now, although the bond sued on in this case is made pay-

able to the plaintiff, Mary A. Lively, yet on the face of the paper it appears that said bond was for the third payment on the land that William M. Lively then lived on. It represented a part of the purchase-money for the land which the plaintiff had shortly before joined her husband, William M. Lively, in conveying to the defendant with covenants of general warranty. This deed was acknowledged by the plaintiff on the 17th day of September, 1874, and the bond sued on was not executed by the defendant, Jesse Jones, until the 19th of the same month; and, if the plaintiff's allegation in her special replication is credited, that the bond was given to her in order to get her consent to the sale, and to procure her signature to said deed, it may be regarded as somewhat singular, that she signed and acknowledged said deed before said bond was executed.

"Again, the plaintiff claims in her special replication that, at the time this bond upon which she sues was executed, she was the owner of a contingent dower interest in the land for which Jesse Jones executed said bond, and was also the owner of an individual interest in said land, and that at that time she had an unrecorded deed for all this real estate. This being the case, the plaintiff must be regarded as an ordinary vendor, and, having conveyed with general warranty, instead of being entitled to this bond from her vendee she was bound to free the land from incumbrance, and until the liens upon the land were paid off and dischargad she was entitled to no portion of said bond. It also appears that the payment of said bond was to be made on condition that the title be made good for the interest of the heirs of Wilson Lively, she being one of them; and, instead of making the title good as to said interest, the defendant was compelled to purchase said interest at commissioners' sale, and pay $155.00 therefor. It also appears from the evidence that the bond sued on included an amount which was due to Nancy A. Parker, a sister of the plaintiff; and that said Nancy A. Parker being dissatisfied, and wishing that what she was entitled to should be evidenced by a separate obligation, the defendant, Jesse Jones, with the assent of the plaintiff and William M. Lively, executed two bonds to said Nancy A. Parker, aggregating $540.00, which amount appears to have been credited upon said bond. It appears

from a receipt for $59.50 filed by the defendant, Jesse Jones, with his deposition, that this land was purchased by the defendant from William M. Lively, acting, as appears, for himself and wife, on the 6th day of April, 1874, and that amount was paid down in cash. The plaintiff in her deposition states that she supposes the first payment, so far as she knows, was paid in cash paper to William M. Lively. Now, it will not be presumed that so important a transaction as the sale of the home farm should have transpired in this family, and the terms of the contract and manner of payment been kept secret from the wife for five months.

From a receipt dated August 6th, 1874, signed by William M. Lively, and filed with the defendant's deposition, it appears that previous to that date said defendant had paid small debts and accounts for said Lively, which are enumerated in said receipt, aggregating $937.46. This disposition of the first instalment of the purchase-money was not objected to by the plaintiff, and must be considered as acquiesced in, because the two bonds were made payable to her afterwards; the first one containing a condition that payment should be made on condition that Brownlee A. Parker made this title for their interest in said tract of land. In order to maintain the affirmative matter relied upon by the plaintiff in her special replication, she must preponderate in the testimony. She claims that one of said bonds was executed to her, and but one, to satisfy her for her contingent dower, and procure her signature to the deed; but her testimony stands alone in support of these averments, and the defendant, Jones, denies them in positive terms in his testimony, and she is contradicted by the bonds themselves, copies of which appear as part of the record. They each bear date on the 19th day of September, 1874, and are both made payable to Mary A. Lively. As early as December, 1873, said plaintiff had joined in a conveyance of the legal title to said land to James W. McNeer, trustee, to secure to Ballard & Arnott debts amounting to over $600.00. The defendant also paid to Hugh Caperton, on the order of William M. Lively, $374.22, the balance remaining unpaid on said first bond; also $238.17 on the note of plaintiff and her husband, aggregating $778.12.

It appears from the evidence in the cause that defendant,

Jones, paid out on indebtedness which was a lien upon said land, the greater portion of which the plaintiff was jointly liable for, exclusive of the sum of $996.96 which was paid by said defendant before said two bonds were issued, the sum of $2,041.88, which was largely in excess of said two bonds and their interest; for it will be perceived that said first bond did not bear interest until after the 1st of May, 1875, and the bond sued on did not bear interest until the 1st day of May 1877. This bond was for $834.00, from which deducting the credit of $540.00 for Mrs. Nancy Parker's interest, would leave $294.00. Deducting from that $155.00 paid for the Wilson Lively interest, would leave $138.00; and deducting $106.19, paid October 20, 1875, on the Jesse Arnott trust, would leave $31.81: and $37.75, paid on the same day to said Jesse Arnott on said trust, would more than pay the bond sued on before it fell due; and it is shown that the other bond was exhausted in paying the Caperton debt, for which the plaintiff was jointly liable, and other debts which were entitled to payment out of the proceeds of the property.

Again, if $2,500.00, was a fair estimate of the value of the land, the plaintiff's claim is that she was entitled to one eighth of one fifth, or one fortieth, part thereof. This would fix the value of her interest as of one of the heirs of Wilson Lively at $62.50, less than one half of what the plaintiff in error paid for the interest of said Wilson Lively. Her contingent dower did not exist, as she claimed, but, in making the conveyance to J. W. McNeer on the 30th of December, 1873, she had conveyed said trustee the legal title, and she was only entitled to the equity of redemption, and this equity of redemption was conveyed by plaintiff and her husband to the defendant, Jones, by their deed of August 3, 1874. But, under all the circumstances of this case, as hereinbefore stated, the plaintiff must be treated and regarded as an ordinary vendor; and in the case of *Wamsley* v. *Stalnaker*, 24 W. Va. 214, this Court has held that "equity will enjoin the collection of purchase-money of land on the ground of default of title, after the vendee has taken possession under conveyance from the vendor with general warranty, if the title is questioned by a suit either prosecuted or threatened, or if the purchaser can show clearly that the title is defec-

tive;" and, again, the purchase-money will not be required to be paid "when the vendee, placing himself in the attitude of the superior claimant, can show a clear outstanding title or incumbrance." See *Kingsport* v. *Rawson*, 29 W. Va. 487, (2 S. E. Rep. 85.)

In view of the facts disclosed in this case, and the law bearing thereon, my conclusion is that the judgment of the Circuit Court is erroneous, the judgment must be reversed, and the plaintiff's action must be dismissed, with costs.

SNYDER, P., concurs in the syllabus and the conclusion reached.

REVERSED. DISMISSED.